UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BAHJI ADAMS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> VERMONT OFFICE OF CHILD SUPPORT, : <br> GEORGIA DIVISION OF CHILD SUPPORT : <br> SERVICES, DIRECTOR KEITH HORTON, : <br> individually and officially as Commissioner for : <br> the DFCC State of Georgia, COMMISSIONER : <br> FOR THE STATE OF VERMONT FOR THE : <br> OFFICE OF CHILD SUPPORT ET AL., : <br> JANE DOE, and JOHN DOE, : <br> : <br> Defendants. : <br> : | Case No. 1:15-cv-228-jgm |

ORDER
(Docs. 9, 21, 22, 23, 24, 34)

I.    Introduction

Plaintiff Bahji Adams, proceeding pro se, brings this action against the Vermont Office of Child Support, Georgia Division of Child Support Services, Director Keith Horton, individually and as Commissioner for the DFCC State of Georgia, Commissioner for the State of Vermont for the Office of Child Support, Jane Doe and John Doe (collectively, "Defendants").  (Doc. 3 ("Compl.").) The Georgia Division of Child Support Services ("Georgia DCS"), a division of the Georgia Department of Human Services ("Georgia DHS"), and Keith Horton, former Commissioner of the Georgia DHS (collectively, "Georgia Defendants") filed a special appearance and motion to dismiss. (Doc. 9.)  Adams opposes the motion (Doc. 31)[1] and the Georgia Defendants replied (Doc. 37).

---

[1] Adams also filed a motion for a continuance to conduct discovery because, she argues, the motion to dismiss is a motion requesting summary judgment (Doc. 24) which Georgia DCS and Horton oppose (Doc. 36).  Adams requested specific discovery before being required to respond to the motion to dismiss.  (Doc. 24 at 21-22).  Because the motion is a motion to dismiss, and citation to specific documents referenced and relied upon in the complaint does not transform it into a

Horton also filed a Notice of Separation from Office. (Doc. 8.) As he is no longer the Commissioner or an employee of the Georgia DHS, he requests the current Commissioner, Robyn A. Crittenden, be substituted as the official capacity defendant. Adams acknowledged the notice and raised no objection. See Doc. 31 at 2. The Clerk's office is directed to amend the case caption accordingly.

The Commissioner for the State of Vermont for the Office of Child Support ("Commissioner") and the Vermont Office of Child Support ("Vermont OCS") (collectively, "Vermont Defendants") move to dismiss for lack of jurisdiction and failure to state a claim. (Doc. 34.) Adams did not respond.

Adams has filed a motion to seal (Doc. 21) an affidavit she filed in support of her complaint, a motion for joinder (Doc. 22), and a motion for judicial notice (Doc. 23). The motion to seal is unopposed. Adams filed a memorandum of law in support of her motion for joinder (Doc. 25) and the Georgia Defendants filed an opposition (Doc. 30). The Georgia Defendants also oppose Adams' motion for judicial notice. (Doc. 35.)

II.     Background

In August 2005, Adams filed for divorce from her husband, Adam George, in Georgia Superior Court. In October 2007, after extensive discovery and motion practice, Adams informed the court she would no longer attend any proceedings. In November 2007, the Georgia state court issued a final divorce order, awarding George sole legal and physical custody of the parties' son and ordering Adams to pay child support in the amount of $601 per month. Adams, now a resident of Vermont, asserts claims arising from this child support order and subsequent enforcement activities.

---

motion for summary judgment, see Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y., 678 F.3d 184, 187 (2d Cir. 2012), and because Adams has filed an opposition, see Doc. 31, the motion for a continuance to conduct discovery before opposing the motion to dismiss is denied.

Adams alleges she suffers from "limited cognitive impairments," a "traumatic brain injury," and physical impairments of "chronic lower back pain, cervical spine pain, narrowing of her spinal column, disc herniation . . . and migraine headaches," resulting from a 2003 car accident. Compl. at 42-43. She claims the Georgia state court did not consider her requests for various accommodations for these impairments during the divorce proceeding. Id. at 43-45. She also claims the Georgia state court "had knowledge that any alleged $601.00 a month in child support was in extreme excess of [her] ability to support herself," and so was unlawful. Id. at 31-32. She asserts the final judgment was entered without accommodation to her disabilities, which influence her earning ability. Id. at 28, 42-43, 46.

In July 2008, the State of Georgia began wage withholding from Adams' employer to satisfy her child support obligation. Compl. at 15, 23. She claims she was not provided proper notice of the withholding and enforcement of the final judgment--including collection of the child support--was unlawful because it left her destitute. Id. at 23, 31-32. In 2009, she was furloughed from her job. Id. at 24. She claims she was then eligible for assistance from the Georgia DHS and Georgia DCS to modify her child support obligations but no assistance was provided. Id. at 24-26.

Adams moved to Vermont in 2010. In January 2013, Adams filed an action in this Court arguing her passport was improperly restricted because of the allegedly unlawful child support order and subsequent enforcement of her child support obligations. See Adams v. Georgia Div. of Child Support Servs., No. 2:13-CV-10 (D. Vt. Jan. 16, 2013). The case was eventually dismissed as to the Georgia defendants based on lack of personal jurisdiction. Id. (Docs. 47, 52 (2015 WL 4755721, 2016 WL 1015339)).

In May 2013, the Vermont Superior Court registered the Georgia child support order in Vermont after a filing by Vermont OCS. Compl. at 55-56; see also Doc. 34-4. In late March 2014, Adams, through counsel, sought relief from the judgment and reimbursement of "excess garnishment" in the amount of $277.56. (Docs. 34-6, 34-7.) A magistrate judge denied her motions, and the Vermont Superior Court affirmed (Doc. 34-1), as did the Vermont Supreme Court, George v. Adams, No. 2014-424, 2015 WL 2383816 (Vt. May 14, 2015). Adams claims the state of Vermont has attempted, and is currently attempting, unlawfully to collect the child support payments and arrears. Compl. at 10-11, 27, 55, 56. She asserts alleged violations of the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution, Title II of the American's Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the due process clause of the Fourteenth Amendment. She seeks to enjoin enforcement of the final judgment, a refund of all money collected, and damages. Id. at 78-79.

The Vermont Defendants argue the complaint should be dismissed in its entirety for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 34.) The Georgia Defendants argue the Court lacks personal and subject matter jurisdiction, Eleventh Amendment and sovereign immunity bar damages and injunctive claims, failure to state a claim, and the statute of limitations is expired.

While pro se litigants are afforded a liberal pleading standard, Erickson v. Pardus, 551 U.S. 89, 94 (2007), nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law, Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

III.     Discussion

    A.     Georgia Defendants' Motion to Dismiss

The Commissioner of Georgia DHS[2] and the Georgia DCS move to dismiss Adams' complaint. (Doc. 9.) Adams opposes the motion (Doc. 31) and also filed a Brief in Support of Standing Claims (Doc. 33). The Georgia Defendants filed a reply. (Doc. 37.)

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012). Prior to discovery, a plaintiff may defeat a motion to dismiss for lack of personal jurisdiction by pleading, in good faith, legally sufficient allegations of jurisdiction. Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84-85 (2d Cir. 2013). The Court may consider pleadings and affidavits, and construes them in the light most favorable to the plaintiff.

To meet her burden, Adams must plead facts sufficient to support a finding that personal jurisdiction is proper under Vermont's long-arm statute and the due process clause of the Fifth and Fourteenth Amendments. In re Roman Catholic Diocese, 745 F.3d 30, 37-38 (2d Cir. 2014). Because Vermont's long-arm statute, Vt. Stat. Ann. tit. 12, § 913(b), extends personal jurisdiction to the outer limits permitted by the federal due process clause, the Court must analyze whether personal jurisdiction comports with due process. Id. at 38. The due process clause requires that a defendant "purposefully establish[] minimum contacts within the forum State . . . such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (internal quotation marks and citation omitted). Once minimum contacts are established, the Court must decide whether the exercise of personal jurisdiction is reasonable and

---

[2] As stated above, Commissioner Crittenden is substituted for former Commissioner Horton in his official capacity. The complaint also purports to state claims against former Commissioner Horton in his individual capacity however Adams has not filed proof of service of process.

5

acceptable under "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be specific or general. "Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567-68 (2d Cir. 1996) (internal quotation marks and citation omitted).

Here, there is no indication the Georgia DCS or Commissioner of the Georgia DHS have sufficient continuous and systematic contacts with the state of Vermont to render them subject to the general jurisdiction of Vermont's courts. See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (holding a corporation may have "affiliations with [a] State [that] are so 'continuous and systematic' as to render [it] essentially at home in the . . . State").

With regard to specific jurisdiction, the complaint also fails to supply sufficient facts to support a finding that personal jurisdiction is proper. The claims against the Georgia Defendants, which relate to the 2007 child support order in the final judgment allegedly entered without accommodation for her disabilities and subsequent enforcement of the order, do not arise out of or relate to any contacts of the Georgia Defendants with Vermont. Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (specific personal jurisdiction exists when a suit arises out of or is related to defendant's contacts with the forum state). Accordingly, the assertion of personal jurisdiction over the Georgia DCS or the Commissioner of the Georgia DHS in an official capacity is inappropriate. The Georgia Defendants' motion to dismiss is granted.

B.     Vermont Defendants' Motion to Dismiss

The Commissioner of Vermont OCS and Vermont OCS move to dismiss Adams' complaint. (Doc. 34.) Adams did not file an opposition. The Vermont Defendants argue dismissal is appropriate under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. They assert subject matter jurisdiction is lacking because Adams' claims are barred by the Rooker-Feldman doctrine and res judicata. They also argue sovereign immunity precludes her claims for monetary damages against them.

A court should grant a Rule 12(b)(1) motion to dismiss if it is not authorized by statute or the Constitution to adjudicate the plaintiff's claims. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence. Id. In determining whether subject matter jurisdiction exists, the court may look to evidence outside the complaint. Id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).

The Rooker-Feldman doctrine "establish[es] the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Only the Supreme Court possesses the power of appellate jurisdiction over state-court judgments. Hoblock, 422 F.3d at 83-84. Federal constitutional claims that are "inextricably intertwined" with the

challenged state court judgment are also barred because the district court is, in essence, called upon to review the state order. Id. at 86.

The Rooker-Feldman doctrine requires a federal court deny review of a complaint where: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review of that judgment; and (4) the state-court judgment was rendered before the plaintiff's federal suit commenced. Hoblock, 422 F.3d at 85.

Adams was the "loser" in Georgia state court as sole custody of their son was awarded to George and she was ordered to pay child support of $601 per month. She commenced this suit in 2015, over eight years after the adverse judgment. Accordingly, the first and fourth elements of the Rooker-Feldman doctrine are met.

The second and third elements are also met. Adams alleges "the minor child's best interest is not serviced by subjecting the alleged non[-]custodial parent in poverty, continually being harass[ed] via court process, when the reduction of the alleged child support award would stop all present and future issues." Compl. at 9. She cannot challenge the child support order itself in this court and her complaints regarding the effects of Vermont's attempted enforcement of the order are barred as well because they are caused by the existence of the order. Accordingly, the Rooker-Feldman doctrine bars Adams' claims. See Remy v. N.Y.S. Dep't of Taxation & Fin., No. 09 cv 4444, 2010 WL 3926919, at *3 (E.D.N.Y. Sept. 29, 2010) (Rooker-Feldman doctrine barred § 1983 action challenging state child support order and state agencies' enforcement efforts), aff'd, 507 F. App'x 16 (2d Cir. 2013).

Vermont Defendants also raise res judicata as a bar to the claims against them. There are limits to how often courts can be asked to review the same allegations against the same parties; the doctrine of res judicata recognizes that limitation and may bar later litigation. See EDP Med.

Comput. Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). This is not Adams' first attempt to bring claims in this Court. See Adams v. Comm'r Dep't of Children & Families, 2:13-cv-10-wks (D. Vt. Aug. 12, 2015) (claims against all defendants dismissed without prejudice); Adams v. Vt. Office of Child Support, 2:15-cv-160-wks (D. Vt. July 13, 2015) (application for IFP filed, complaint not docketed).[3] In its Order allowing Adams to proceed in forma pauperis, the Court briefly considered sua sponte whether this suit was barred by res judicata, noting Adams' prior suit in this Court against these Defendants was not decided in a final judgment on the merits. (Doc. 4 at 2-3.) Vermont Defendants point to the litigation in Vermont state court in which Adams challenged enforcement of the child support order as barring her current claims.

Under the full faith and credit clause of the Constitution, federal courts are required to "give a prior state court judgment the same preclusive effect that such a judgment would have had in state court." Zingher v. Yacavone, 30 F. Supp. 2d 446, 451 (D. Vt. 1997). In Vermont, the doctrine of res judicata prevents parties from relitigating not only those claims and causes of action that were actually litigated in the prior action, but also those claims and causes of action that should have been raised. Bain v. Hofmann, 993 A.2d 432, 434 (Vt. 2010). Res judicata precludes "a claim from being litigated if (1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity; and (3) the claim has been or could have been fully litigated in the prior proceeding." Iannarone v. Limoggio, 30 A.3d 655, 660 (Vt. 2011) (internal quotation marks and citation omitted).

---

[3] Nor is this the only federal forum in which she has sought relief. See Adams v. United States, No. 07-809C (Ct. Fed. Cl. July 16, 2008); Adams v. Georgia, No. 1:08-cv-280 (N.D. Ga. Mar. 5, 2008); Adams v. Georgia, No. 1:07-cv-2924, 2007 WL 4979007 (N.D. Ga. Nov. 27, 2007). And her efforts to access the Supreme Court have been denied. See Adams v. George, 553 U.S. 1022 (2008); Adams v. George, 552 U.S. 1115 (2008); Adams v. George, 552 U.S. 1049 (2007).

9

Adams challenged the registration and enforcement of the Georgia child support order in Vermont state court.  After Vermont OCS filed the order in the family court division for confirmation, Adams filed objections and appeared with counsel at two hearings.  George v. Adams, No. 2014-424, 2015 WL 2383816, at *1 (Vt. May 14, 2015).  The state court issued an order confirming the support obligation and authorizing garnishment.  Id.  She filed further motions and appeals, culminating in an order of the Vermont Supreme Court affirming the trial court's judgment rendering it final.  Id.

Adams and Vermont OCS were parties to the Vermont state court action.  See id., Doc. 34-1.  The Commissioner of the Vermont OCS is in privity with Vermont OCS, a party to the action, because "government officials sued in their official capacities are generally considered to be in privity with the governmental entity that they serve."  Overview Books, LLC v. United States, 755 F. Supp. 2d 409, 417 (E.D.N.Y. 2010), aff'd, 438 F. App'x 31 (2d Cir. 2011).  The second element is satisfied because the prior case was between the same parties and parties in privity.

Here, Adams claims the state of Vermont has and is attempting unlawfully to collect the child support payments and arrears, and asserts alleged violations of the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution, Title II of the ADA, Section 504 of the Rehabilitation Act, and the due process clause of the Fourteenth Amendment.  Compl. at 10-11, 27, 55, 56, 78-79.  These claims either were or could have been fully litigated in the prior proceeding in Vermont state court.  As the Vermont Supreme Court held, Adams "was afforded a full opportunity to challenge the validity and enforcement of the Georgia order . . . .  She appeared at the hearing with counsel, but did not raise the claims that she now asserts render the out-of-state judgment void, and did not appeal the order confirming the Georgia judgment."  Adams, 2015 WL 2383816, at *2.  She could have raised her constitutional claims under § 1983, the Rehabilitation Act, and the ADA, arising

from entry and enforcement of the child support order, in the state court action. See Coolidge v. Coates, No. 1:06-cv-92, 2006 WL 3761599, at *3 (D. Vt. 2006) ("The doctrine of res judicata . . . applies equally to constitutional claims arising under § 1983 which could have been argued in an earlier state court proceeding."). Accordingly, to the extent her claims may not be barred by the Rooker-Feldman doctrine, res judicata bars Adams' claims against the Vermont OCS and its Commissioner.

Vermont Defendants also argue they are entitled to Eleventh Amendment sovereign immunity. Sovereign immunity is a threshold issue that must be addressed prior to considering dismissal for failure to state a claim. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). The State of Vermont has preserved its immunity under the Eleventh Amendment by statute, thereby rendering Vermont state agencies immune from suit. Vt. Stat. Ann. tit. 12, § 5601(g). Accordingly, to the extent Adams' claims are not otherwise barred by the Rooker-Feldman and res judicata doctrines, claims seeking damages from the Commissioner for the State of Vermont for the Office of Child Support or the Vermont OCS are barred because the Court lacks subject matter jurisdiction over them.

For the reasons discussed, the Vermont Defendants' motion to dismiss (Doc. 34) is granted.

C.      Adams' Motions

In addition to her motion for a continuance to conduct discovery (Doc. 24), Adams has filed motions to seal (Doc. 21) an affidavit she filed in support of her complaint, for joinder (Doc. 22), and for judicial notice (Doc. 23).

The motion to seal is unopposed; however, as the affidavit she seeks to have sealed was filed and has been accessible on the public docket for more than five months, the Court declines to order

it sealed.  Should Adams wish to file documents under seal in the future, she should file a motion to seal prior to filing the document on the public docket.

Adams filed a memorandum of law in support of her motion for joinder (Doc. 25) and the Georgia Defendants filed an opposition (Doc. 30.)  Adams seeks to add Commissioner Crittenden in her official and individual capacities while also continuing the action against former Commissioner Horton in his official capacity.  See Doc. 22.  The motion is denied as moot in light of the Court's substitution of Commissioner Crittenden for former Commissioner Horton in his official capacity and denied with regard to Commissioner Crittenden in her individual capacity because the complaint contains no allegations involving Crittenden.

Lastly, Adams moves for judicial notice of the "laws applicable to the abloshment [sic] of State's and State-actors in this claim, abloshiment [sic] of the 11th Amendment immunity."  (Doc. 23 at 9.)  The Georgia Defendants oppose the motion.  (Doc. 35.)  In support of the motion, Adams submitted the purported text of Federal Rule of Evidence 201 and the Supreme Court's decision in United States v. Georgia, 546 U.S. 151 (2006).  Adams's version of Rule 201 includes a subsection purporting to allow judicial notice of law.  See Doc. 23-1 at 1.  Article II of the current Federal Rules of Evidence governing Judicial Notice contains only Rule 201, titled Judicial Notice of Adjudicative Facts.  As the current Federal Rules of Evidence do not allow for judicial notice of law, see Fed. R. Evid. 201 & advisory committee's note to 1972 proposed rules ("the manner in which law is fed into the judicial process is never a proper concern of the rules of evidence but rather of the rules of procedure"), Adams's request that the Court take judicial notice of laws applicable to the abolishment of state immunity is denied.

IV.     Conclusion

For the reasons stated above, the Georgia Defendants' motion to dismiss (Doc. 9) is GRANTED due to lack of personal jurisdiction.  All claims against the Georgia Division of Child Support Services and Commissioner Crittenden, substituted for former Commissioner Horton, officially as Commissioner of the Georgia Department of Human Services, are dismissed without prejudice.

The Vermont Defendants' motion to dismiss (Doc. 34) is GRANTED.  District courts generally should not dismiss pro se claims without granting leave to amend.  See Cuoco v. Moritsugo, 222 F.3d 99, 112 (2d Cir. 2000).  The Court finds, however, that granting leave to amend the claims against the Vermont Defendants would be futile because the problem with Adams' cause of action is substantive.  See id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.").  Accordingly, all claims against the Commissioner for the State of Vermont for the Office of Child Support or the Vermont Office of Child Support are dismissed with prejudice.

Adams' motions to seal (Doc. 21), for joinder (Doc. 22), for judicial notice (Doc. 23), and for a continuance to conduct discovery (Doc. 24) are DENIED.

Finally, the Court notes the only remaining claim is Adams' claim against Keith Horton in his individual capacity and Horton has not been served.  While the return of service indicates Commissioner Keith Horton, Georgia Department of Human Services, Division of Child Support Services was served by the United States Marshals on December 29, 2015, by delivering the summons to the legal department (Doc. 28), Horton has not been the Commissioner since July 2015 (Doc. 8).  Accordingly, service to the legal department of Georgia DHS could not operate as service on Horton individually.  Adams has been on notice of this fact since at least January 2016, when

Georgia Defendants filed the notice of separation from office indicating Horton had been replaced by Commissioner Crittenden.  (Doc. 8.)  If she wishes to continue to pursue her claim against him individually, she shall provide the Clerk's office a current address at which to serve Horton in his individual capacity and the Clerk's office shall prepare an appropriate summons.  Failure to do so on or before July 22, 2016 will result in the dismissal of the claim without prejudice.

      SO ORDERED.

      Dated at Brattleboro, in the District of Vermont, this 22nd day of June, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge